# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 16, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| HEATHER DOUCETTE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1161V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Petitioner's Motion for Dismissal; |
| | * | Insufficient Proof of Causation; |
| Respondent. | * | Influenza (Flu) Vaccine; |
| | * | Guillain-Barre Syndrome (GBS) |
| * * * * * * * * * * * * * * | | |

Bridget C. McCullough, Muller Brazil, L.L.P., Dresher, PA, for petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING CASE[1]

On August 9, 2018, Heather Doucette ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of the receipt of the Influenza ("flu") vaccine on October 14, 2016, she suffered from Guillain-Barre syndrome ("GBS"). Vaccine Rule 4(c) Report at Procedural History. The information in the record, however, does not show entitlement to an award under the Program.

On December 4, 2019, petitioner moved for a decision dismissing her petition, stating that "[a]n investigation of the facts and science supporting has demonstrated to the petitioner that

---

[1] This decision will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").

she will be unable to prove that she is entitled to compensation" and that "to proceed any further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." Petitioner's Motion for Decision Dismissing Her Petition at ¶¶ 1, 2. Petitioner states that she understands that a decision by the Special Master dismissing her petition will result in a judgment against her, and that she has been advised that such a judgment will end all of her rights in the Vaccine Program. Id. at ¶ 3. Petitioner states that she intends to protect her right to file a civil action. Id. at ¶ 5.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. *See* §§ 13(a)(1)(A) and 11(c)(1). The records submitted by petitioner show that she does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." *Black v. HHS*, 93 F.3d 781, 785-87 (Fed. Cir. 1996). Furthermore, the Federal Circuit has characterized the requirement that residual effects persist for more than six months after vaccination as "a condition precedent to filing a petition for compensation." *Cloer v. HHS*, 654 F.3d 1322, 1335 (Fed. Cir. 2011). Petitioner bears the burden of proving by a preponderance of the evidence that she meets the six-month residual effect requirement. *Song v. HHS*, 31 Fed. Cl. 61, 65-66 (1994), aff'd, 41 F.3d 1520 (Fed. Cir. 1994).

In this case, there is an issue as to whether petitioner has proven by preponderant evidence that she suffered the residual effects of her alleged vaccine-related injury for more than six months. She was vaccinated on October 14, 2016. Petition at 1. On February 16, 2017, Dr. Nasser found that petitioner's vaccine-related symptoms had fully resolved. Exh. 6 at 3. On September 7, 2017, petitioner reported to her gastroenterologist that her vaccine-related injury resolved by March 2017. Exh. 10 at 4. Petitioner's medical records report that her alleged vaccine-related injury symptoms resolved at four months or alternatively five months from the administration date of the vaccine.

Moreover, the record also suggests that petitioner's evidence fails to meet her burden for a "Table Injury" for GBS after a flu vaccination. Her injury does not meet the Table's Qualifications and Aids to Interpretation for GBS, as defined on the Vaccine Injury Table. *See* 42 C.F.R. § 100.3(a) and (c)(15). Petitioner's complaints to her treating physicians did not include limb weakness, diminished or absent reflexes, nor motor weakness. *See* Exh. 3 at 41-44 and Exh. 6 at 6. In support of clinical or diagnostic findings of GBS or sensory GBS, petitioner cites Dr. Nasser's assessment on December 8, 2016 that petitioner's symptoms, "could be a mild case of Pure sensory Guillain Barre." Exh. 6 at 4. Contemporaneous diagnoses, however, suggested by her treating physicians included sinusitis, pharyngitis, pericarditis, pneumonitis, and fibromyalgia. *See* Exh. 2 at 3-13; *see* Exh. 6 at 7-12.; and *see* Exh. 7 at 5-11. The petitioner did not have CSF studies or EMG/NCS testing to confirm the diagnosis of GSB or sensory GBS.

Under the Vaccine Act, a petitioner may not receive a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by

2

the opinion of a competent physician. § 13(a)(1).  In this case, there are insufficient medical records supporting petitioner's claim and petitioner has not filed an expert report.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that the injuries were "actually caused" by her October 14, 2016, vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey  
Nora Beth Dorsey  
Chief Special Master